NETTIE VOGEL, PROSECUTOR, v. THE BOARD OF ADJUST-
MENT OF THE TOWNSHIP OF BRIDGEWATER AND
WILLIAM H. CUNNINGHAM, ZONING OFFICER OF THE
TOWNSHIP OF BRIDGEWATER, RESPONDENTS.

Argued October 4, 1938—Decided November 4, 1938.

Before Justices CASE, DONGES and PORTER.

For the prosecutor, *Julius B. Cohen.*

For the respondents, *George W. Allgair, Loren N. Wood*
(of the New York bar) and *Gilbert E. Crogan, Jr.*

The opinion of the court was delivered by

CASE, J. This is an application for a writ of *certiorari* to
review (1) the action of the board of adjustment of the town-
ship of Bridgewater in sustaining the denial by the building
inspector of an application for a building permit to erect a
"bunkhouse" and gasoline station, (2) the refusal of the
board to make recommendations to the township committee
and (3) the legality of the zoning ordinance. Prosecutor is
the vendee under contract to purchase a tract of land con-
taining approximately one and one-third acres on the south

side of state highway route 29 in the township of Bridgewater, county of Somerset. An extensive area in which this land is located is zoned for residence purposes, not only in the township of Bridgewater but also in the borough of Bound Brook adjoining on the west. There are a few inconsiderable non-conforming uses of which the prosecutor's property, with respect to the existence of a so-called "diner," is one. Petitioner now, however, desires to construct a service station and also a two-story frame "bunkhouse," twenty-five feet by forty feet ground measurements, for the convenience of truck drivers and other users of the highway. The proposed use is clearly contrary to the provisions of the ordinance, and the lands are much more than one hundred and fifty feet from the boundary line of any district in which the proposed structures or uses are authorized. We are therefore to consider whether there is a debatable question as to the reasonableness of the ordinance or as to the abuse of discretion on the part of the board of adjustment in refusing to recommend to the governing body of the township the proposed uses as proper exceptions to the ordinance.

The general neighborhood in which the petitioner's property is located is shown by the proofs, including a comprehensive photograph of the countryside, to be an area rising gently to wooded hills on the slopes and crown of which are beautiful and expensive residences constructed and in occupancy. The state highway cuts through this neighborhood; but that fact is not of itself a reasonable ground upon which to question the act of the township authorities in adopting a comprehensive plan designed, as we think this ordinance was, for legitimate purposes within the scope of the zoning amendment and the zoning statute. It is to be remembered that ordinance restrictions upon the use of real estate are imposed not merely under the authority of the statute, but also of the constitutional amendment which was adopted by popular vote after much public discussion and in the face of, and perhaps because of, numerous court decisions. We are further of the opinion that the particular uses toward which petitioner's

request is directed are such that the board of adjustment, in refusing to make an affirmative recommendation thereon, did not abuse the discretion lodged with it and did not deprive the prosecutor of any right saved to her by the constitution, or by the statute or by any decisions which followed these enactments. The district in the main is essentially one adapted to the residential uses for which it is zoned. It is in the proofs without denial that the petitioner set up the existing non-conforming use during a period when the present zoning ordinance was under discussion and consideration and when the public generally were on notice that use of the lands would in all probability be restricted. The diner, however, was installed and in use before the adoption of the ordinance and becomes a non-conforming use which the petitioner is, under the statute, entitled to continue. But is quite likely that the installation of a service station and the operation of sleeping and social quarters for the motor-using public would increase the congestion in traffic and raise problems of health, morals and general welfare which are distinctly within the purview of the pertinent constitutional amendment and statute. Of necessity there are border areas where the reason for restrictions are not so apparent because it is inevitable that zones of varying degrees of restriction must abut and that restricted lands in proximity to unrestricted lands will be in a somewhat prejudiced position. But that is a consequence upon the exercise of the constitutional authority. Also, it is clear that every foot of land in a zone restricted to residences may not be so located that an attractive residence can advantageously be erected thereon. But if the act of a municipality in zoning is to be anything more than a gesture, the determination of the zoning board thereon should, in the absence of palpable abuse of discretion, be honored. Recent decisions going to the proper exercise of discretion by the board of adjustment are *Dubin* v. *Wich,* 120 *N. J. L.* 469, and *Phillips Oil Co.* v. *Municipal Council, &c., of Clifton,* 120 *Id.* 13.

We find no ground for serious dispute. The writ will be denied and the petition dismissed, with costs.